**Oleg GORELIK, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.**

**No. 08–5512–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Michael P. Diraimondo, Melville, NY, for Petitioner.

Tony West, Assistant Attorney General, John W. Blakeley, Senior Litigation Counsel, Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Oleg Gorelik, a native of the former Soviet Union and citizen of Belarus, seeks review of an October 27, 2008 order of the BIA affirming the January 26, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka, pretermitting his asylum application and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Oleg Gorelik,* No. A097 526 472 (B.I.A. Oct. 27, 2008), *aff'g* No. A097 526 472 (Immig. Ct. N.Y. City Jan. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we lack jurisdiction to review Gorelik's challenge to the agency's determination that his asylum application was time-barred under 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and questions of law under 8 U.S.C. § 1252(a)(2)(D), Gorelik's argument is, essentially, a challenge to the IJ's factual determinations. Thus, we dismiss Gorelik's petition for review to that extent and review only Gorelik's challenge to the agency's denial of his applications for withholding of removal and CAT relief.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

In denying relief, the agency made alternative holdings: (1) that Gorelik was not credible; and (2) that, assuming his credibility, Gorelik failed to meet his burden of proof. Because the agency's adverse credibility decision is not entirely clear, we dispose of Gorelik's petition for review on burden of proof grounds. We address, in turn, Gorelik's claim that he fears persecution because he was accused of a crime and his claim that he fears persecution because he applied for asylum in this country.

### A. Fear of Consequences for Committing Crime

■ For purposes of asylum eligibility, prosecution for a crime is not persecution on account of a protected ground. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) ("punishment for violation of a generally applicable criminal law is not persecution"). However, if an applicant can show that criminal prosecution is merely pretextual—that is, that the prosecutor is using the criminal proceeding in order to persecute the accused on account of a protected ground, the applicant may still be eligible for asylum. *See Vumi v. Gonzales,* 502 F.3d 150 (2d Cir.2007). Here, the agency reasonably concluded that Gorelik failed to demonstrate that any punishment that he would face on account of his financial fraud would be a pretext for persecution. Rather, it found that Gorelik had "committed a crime of general applicability in Belarus." We are not persuaded by Gorelik's assertion that he "established his innocence of any fraudulent activity" and that the government is targeting all business owners. Even if falsely accused, Gorelik could not establish his eligibility for relief absent some evidence of the alleged persecutor's motive. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) (citing *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Thus, we cannot find, contrary to the agency, that Gorelik established that the government is motivated to persecute him on account of his political opinion or any other protected ground.

As the IJ noted, Gorelik's claim was further undermined by the fact that he returned voluntarily to Belarus after he had been detained in Poland under the direction of Belarusian authorities.

■ Gorelik's challenge to the agency's denial of his CAT claim is also without merit. While he asserts that he is similarly situated to the petitioner in *Matter of G–A–,* 23 I. & N. Dec. 366 (BIA 2002), where the BIA found that the petitioner had demonstrated a likelihood of being tortured if returned to Iran, Gorelik fails to demonstrate that those in his "particular alleged circumstances" are more likely than not to be tortured if returned to Belarus. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Thus, substantial evidence supports the agency's denial of CAT relief.

### B. Fear of Consequences for Applying for Asylum

■ We also find no error in the agency's conclusion that Gorelik failed to establish that those who return to Belarus after having been denied asylum in another country will be persecuted because they will be perceived as spies. Gorelik asserts that he presented credible evidence through an expert witness indicating that the Belarusian government is arresting

and detaining people in circumstances similar to his own. The IJ did not err, however, in giving little weight to that expert's testimony where he found the expert's reasoning speculative. It is well-settled that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006). Accordingly, without any other evidence that Gorelik would be persecuted for having applied for asylum in the United States, substantial evidence supports the agency's finding that Gorelik failed to establish that he would more likely than not be persecuted or tortured on that basis if returned to Belarus. *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the petition is DISMISSED as moot.